**IN THE UNITED STATES DISTRICT COURT
NORTHERN DIVISISION OF OHIO**

| | | |
|---|---|---|
| **Christopher Haire,** | ) | **Case No.** |
| 14014 Highland View | ) | |
| Cleveland, OH 44135 | ) | **Judge** |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR CLASS ACTION** |
| | ) | **& DECLARATORY JUDGMENT** |
| **v.** | ) | |
| | ) | |
| **Cuyahoga County Clerk of Courts,** | ) | |
| 1200 Ontario Street | ) | |
| Cleveland, OH 44113 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Cuyahoga County Treasurer,** | ) | |
| 2079 E.9th Street | ) | |
| Cleveland, OH 44115 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Cuyahoga County Fiscal Officer,** | ) | |
| 2079 E.9th Street | ) | |
| Cleveland, OH 44115 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **Cuyahoga County,** | ) | |
| 2079 E.9th Street | ) | |
| Cleveland, OH 44115 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **John Doe Cuyahoga County** | ) | |
| **Public Office 1** | ) | |
| Address Unknown | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **John Doe Cuyahoga County** | ) | |
| **Public Office 2** | ) | |
| Address Unknown | ) | |
| | ) | |
| and | ) | |

|  | ) |
| --- | --- |
| **John Doe Cuyahoga County** | ) |
| **Public Office 3** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **John Doe Cuyahoga County** | ) |
| **Public Office 4** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **John Doe Cuyahoga County** | ) |
| **Public Office 5** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **John Doe Cuyahoga County** | ) |
| **Public Office 6** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **John Doe Cuyahoga County** | ) |
| **Public Office 7** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **John Doe Cuyahoga County** | ) |
| **Public Office 8** | ) |
| Address Unknown | ) |
|  | ) |
| and | ) |
|  | ) |
| **Point and Pay, LLC** | ) |
| c/o Ryan Moore, statutory agent | ) |
| 1545 Holland Road, Suite G | ) |
| Maumee, OH 43537 | ) |
|  | ) |
| and | ) |
|  | ) |
| **Banc of America** | ) |
| **Merchant Services, LLC,** | ) |

2

1307 Walt Whitman Road    )
Melville, NY 11747     )
Attn.: Merchant Services   )
            )
   and       )
            )
**Official Payments Corporation,** )
c/o CSC Lawyers Incorporating Service )
50 West Broad St., Suite 1800  )
Columbus, OH 43215   )
            )
   and       )
            )
**James Doe Vendor 1**   )
Address Unknown    )
            )
   and       )
            )
**James Doe Vendor 2**   )
Address Unknown    )
            )
   and       )
            )
**James Doe Vendor 3**   )
Address Unknown    )
            )
   and       )
            )
**James Doe Vendor 4**   )
Address Unknown    )
            )
   and       )
            )
**James Doe Vendor 5**   )
Address Unknown    )
            )
   and       )
            )
**James Doe Vendor 6**   )
Address Unknown    )
            )
    **Defendants.**   )

3

## NATURE OF THE CASE

In this case Plaintiff Christopher Haire brings an action on behalf of himself, and a class of similarly situated users of services provided by various offices of Cuyahoga County, who, from January 1, 2011, through September 9, 2014, were assessed an unauthorized credit card "convenience fee" by Defendants.  Plaintiff, and the class of similarly situated users, have suffered harm because Defendants were assessing and collecting costs they were otherwise not legally authorized to assess and collect.

Pursuant to Chapter 2721 of the Ohio Revised Code, Plaintiff on behalf of himself, and a class of similarly situated users, seeks a declaratory judgment declaring the Defendants' unauthorized charges unlawful.  Plaintiff further seeks relief under 42 USC §1983 for the substantive due process violations Defendants inflicted on him and the similarly situated class of users.

## PARTIES

1.      Plaintiff Christopher Haire is an individual residing at 14014 Highland View, Cleveland, OH 44135.

2.      Defendant Cuyahoga County Clerk of Courts has its principal place of business at 1200 Ontario Street, Cleveland, OH 44113.

3.      Defendant Cuyahoga County Treasurer has its principal place of business at 2079 E.9th Street, Cleveland, OH 44115.

4.      Defendant Cuyahoga County Fiscal Officer has its principal place of business at 2079 E.9th Street, Cleveland, OH 44115.

5.      Defendant Cuyahoga County is a charter-form of government operating under its own county charter and subject to Title 3 of the    Ohio Revised Code.

4

6.      Defendants John Doe 1-8 are Cuyahoga County public offices whose identities and addresses are unknown at this time despite Plaintiff's best efforts to uncover that information.

7.      Defendant Point and Pay, LLC is a foreign limited liability company registered with the State of Ohio.

8.      Defendant Banc of America Merchant Services, LLC is a foreign limited liability company conducting business in the State of Ohio.

9.      Official Payments Corporation is a foreign corporation registered with the State of Ohio.

10.     Defendants James Doe Vendors 1-6 are vendors whose identities and addresses are unknown at this time despite Plaintiff's best efforts to uncover that information, and who provide the County Defendants with services allowing the County Defendants to accept payments via financial transaction devices.

## GENERAL ALLEGATIONS

11.     The events giving rise to this action occurred in Cuyahoga County, Ohio, thereby making venue and jurisdiction appropriate in this Court.

12.     Under Ohio Revised Code Section 301.28, a county may authorize its departments to accept payments via financial transaction devices after January 1, 1999, only upon passing a resolution authorizing such payments.

13.     The resolution authorizing acceptance of payments via financial transaction devices may also pass on the surcharges from the provider onto the payee as a "convenience fee."

14.     On January 1, 2011, Cuyahoga County became a county charter government.

15.     As public offices, the County Defendants have the legal duty to comply with the Cuyahoga County Charter ("Charter").

16.     The Fiscal Officer of Cuyahoga County has the legal duty to comply with Article 5.02 of the Charter.

17.     Article 5.02 of the Charter grants the Fiscal Officer those powers and duties that are not inconsistent with Cuyahoga County ordinances and/or the Ohio Revised Code.

18.     The Cuyahoga County Clerk of Courts has the legal duty to comply with Article 5.04 of the Charter.

19.     Article 5.04 of the Charter grants the Clerk of Courts those powers and duties that are not inconsistent with Cuyahoga County ordinances and/or the Ohio Revised Code.

20.     The Cuyahoga County Treasurer has the legal duty to comply with Article 5.07 of the Charter.

21.     Article 5.07 of the Charter grants the Treasurer those powers and duties that are not inconsistent with Cuyahoga County ordinances and/or the Ohio Revised Code.

22.     Pursuant to Article 13.06 of the Charter, all resolutions from the prior commissioner form of county government were repealed or superseded.

23.     From January 1, 2011, through September 9, 2014, neither the Charter nor the County ordinances authorized acceptance of payments via financial transaction devices.

24.     From January 1, 2011, through September 9, 2014, neither the Charter nor the County ordinances authorized the passing on to users of county services a "convenience fee" for payments made to the County Defendants, including the John Doe Public Offices, via financial transaction devices.

25.     On June 1, 2014, electronic filing of court documents became mandatory in all civil cases filed in Cuyahoga County Common Pleas Court.  See Exhibit 1.

26.     The only way to pay filing fees and cost deposits when e-filing in Cuyahoga County Common Pleas Court is via credit card, debit card, or electronic check.  See Exhibit 2.

27.     On June 12, 2014, Plaintiff commenced a civil action in the Cuyahoga County Court of Common Pleas.

28.     Plaintiff had to file his complaint via Defendant Cuyahoga County Clerk of Courts' e-filing system.

29.     In addition to the $250.00 filing fee, Defendant Cuyahoga County Clerk of Courts assessed Plaintiff an additional "convenience fee" of $6.95.  See Exhibit 3.

30.     Upon his filing in Cuyahoga County Common Pleas Court, Plaintiff was forced to pay an unauthorized and illegal "convenience fee."

31.     On April 12, 2011, Defendant Cuyahoga County Clerk of Courts had entered into an agreement with Defendant Point and Pay, LLC for the purpose of accepting payment via financial transaction devices.  See Exhibit 4.

32.     In its Answer to Plaintiff's previously filed Complaint, Defendant Cuyahoga County Clerk of Courts responded on August 8, 2014, that Defendant Point and Pay was the entity responsible for collecting the "convenience fee" she illegally assessed Plaintiff.

33.     Upon information and belief, Defendant Point and Pay is the entity responsible for collecting the "convenience fee" for all payments, including the fee charged to Plaintiff, made via financial transaction devices for e-filing through Defendant Cuyahoga County Clerk of Courts' e-filing system.

34.     Upon information and belief, Defendant Banc of American Merchant Services, LLC entered into an agreement on or about October 14, 2011, with Defendant Cuyahoga County

Clerk of Courts for the purposes of allowing the Clerk of Courts to accept payment via financial transaction devices for the Clerk of Courts' Auto Title Division.  See Exhibit 5.

35.     Upon information and belief, Defendant Banc of American Merchant Services, LLC entered into an agreement in October 2013, with Defendant Cuyahoga County Fiscal Officer for the purposes of allowing the Fiscal Officer to accept payment via financial transaction devices for the Dog Licenses Division.  See Exhibit 6.

36.     Upon information and belief, Defendant Official Payments Corporation entered into an agreement into an agreement on or about October 14, 2011, with Defendant Cuyahoga County for the purposes of allowing the County to accept payment via financial transaction devices.  See Exhibit 7.

37.     Upon information and belief, Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation and/or James Doe Vendors 1-6 are the entities responsible for collective the "convenience fee" for all payments made via financial transaction devices to the County Defendants.

38.     On August 12, 2014, the County Executive, through the County law department, introduced proposed ordinance number O2014-0025.

39.     Upon information and belief, this ordinance, at least in part, was in response to Plaintiff's previously filed lawsuit against the Clerk of Courts on June 13, 2014.

40.     The proposed ordinance would enact Chapter 718 of the Cuyahoga County Code and would allow the County Defendants to accept payments via financial transaction devices.

41.     The proposed ordinance would authorize the County Defendants to assess and pass on to users a "convenience fee" for payments made via financial transaction devices.

42.     The proposed ordinance was referred to Cuyahoga County Council's Finance & Budgeting Committee.

43.     The proposed ordinance attempted to retroactively legalize Defendants' illegal conduct of collecting convenience fees.

44.     At the Finance & Budgeting Committee hearing held on August 18, 2014, county law director Majeed Makhlouf testified that the ordinance was being proposed so that the County Defendants would be in compliance with the Ohio Revised Code.  See Exhibit 8.

45.     Makhlouf testified that "there's a detailed process in the Ohio Revised Code that you have to follow it or otherwise you can't accept the payment electronically."  See Exhibit 8.

46.     Makhlouf further testified that the goal was to pass on the "convenience fee" to those who used county services and paid via financial transaction devices.  See Exhibit 8.

47.     Makhlouf also stated that the ordinance was for "the ability to be able to accept payment by credit card of electronic check * * *."  See Exhibit 8.

48.     When asked by the committee if the legislation was necessary in order to permit the County Defendants to accept electronic payments, Makhlouf answered in the affirmative and again mentioned the goal of being "able to pass on the transaction * * *."  See Exhibit 8.

49.     At the hearing, one of the Council committee members stated that it seemed like the proposed ordinance was "sticking it to the taxpayer."  See Exhibit 8.

50.     Makhlouf attempted to deflect the criticism by calling the "convenience fee" a "small cost that the [taxpayers] don't feel."  See Exhibit 8.

51.     The committee member responded that the "convenience fee" was not necessarily a small fee.  See Exhibit 8.

52. At no time during Makhlouf's testimony did he mention the Plaintiff's then-pending lawsuit against the Cuyahoga County Clerk of Courts.

53. The proposed ordinance was passed into law on September 9, 2014.

54. The ordinance, which stated that it retroactively allowed Defendants to do what they had otherwise been prohibited from doing with respect to their "convenience fee" practices, became effective immediately.

## CLASS ALLEGATIONS

55. Plaintiff repeats and alleges paragraphs 1-54 as though fully set forth herein.

56. In accordance with FRCP 23(B)(2) and (3), Plaintiff brings all claims on behalf of all customers and users of Cuyahoga County services who have been charged a "convenience fee" for using a financial transaction device from January 1, 2011, through September 9, 2014, while paying for county services.

57. The County Defendants, though bound to execute their duties and obligations under the Cuyahoga County Charter, Cuyahoga County Code, and the Ohio Revised Code, charged and passed on to users of county services an unauthorized, illegal "convenience fee" from January 1, 2011, through September 9, 2014.

58. Neither the Ohio Revised Code, the Cuyahoga County Charter, nor Cuyahoga County ordinances permitted the County Defendants to charge and pass on to users of county services a "convenience fee" for payment via a financial transaction device from January 1, 2011, through September 9, 2014.

59. In accordance with FRCP 23(B)(2) and (3), Plaintiff brings all claims on behalf of all customers and users of Cuyahoga County services from whom Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 have

collected a "convenience fee" for using a financial transaction device from January 1, 2011, through September 9, 2014, while paying for county services.

60.     Defendants' assessment, passing on the charge for the "convenience fee" to users of county services, and the collection of the "convenience fee" was inconsistent with and in violation of the Ohio Revised Code, Cuyahoga County Code, and Cuyahoga County Charter.

61.      Upon information and belief, the class(es) includes 1.)  all users of Cuyahoga County services who were assessed a "convenience fee" for payment via a financial transaction device from January 1, 2011, through September 9, 2014; and 2.) all users of Cuyahoga County services from whom a "convenience fee" was collected for payment via a financial transaction devices from January 1, 2011, through September 9, 2014.

62.     Common factual and/or legal questions predominate over questions affecting individual class members, including but not limited to:

1.)     Whether the County Charter, Cuyahoga County ordinances, or Ohio Revised Code permitted the County Defendants to assess a "convenience fee" from January 1, 2011, through September 9, 2014.

2.)     Whether Defendants Point and Pay, Banc of America Merchants Services, Official Payments Corporation, and James Doe Vendors 1-6 were able to legally collect a "convenience fee" for payment via a financial transaction device despite the lack of any enabling legislation from Cuyahoga County.

3.)     Whether Defendants violated their duties and powers by agreeing to, assessing, and passing on to users of county services an unauthorized "convenience fee" from January 1, 2011, through September 9, 2014.

4.)     Whether any users of Cuyahoga County services who were assessed a "convenience fee" and from whom the "convenience fee" was collected are entitled to reimbursement of that fee.

5.)     Whether any users of Cuyahoga County services for the period dating back two years from the date of this filing through September 9, 2014, had their substantive due process rights under the 14th Amendment of the U.S. Constitution violated as a result of Defendants' wrongful governmental actions.

### *Plaintiff and His Counsel Can Represent the Putative Class*

63.     The representative Plaintiff will fairly and adequately protect the interests of the other class members in that representative for the following reasons:

    a.     Plaintiff is aware of his duties and responsibilities as class representative and has agreed to undertake those responsibilities to the best of his ability;

    b.     Plaintiff has knowledge regarding the facts and circumstances that give rise to his claims and claims of the class and its members;

    c.     Plaintiff is strongly interested and highly motivated to assert and protect his own rights and the rights of class members in a vigorous fashion;

    d.     Plaintiff has incurred damages as a result of Defendants' violations;

    e.     Plaintiff has retained counsel with substantial experience in representing multiple claimants in civil actions and in Class Actions and has the necessary and adequate resources to prosecute this case to completion. The attorneys will also vigorously assert and protect the interests of Class members; and

    f.     Neither Plaintiff nor Plaintiff's counsel have any interests adverse to or in conflict with the class members.

64.     A class action under FRCP 23(B)(3) is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted given that:

    a.     Common questions of law and fact overwhelmingly predominate over any individual questions that may arise within the class and, consequently, enormous

economies to the court and parties exist in litigating the common issues on a class wide basis;

b.    Each individual class member's damage claim is too small to make individual litigation an economically viable alternative, and few class members have any interest in individually controlling the prosecution of separate actions;

c.    Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members; and

d.    Despite the relatively small size of each individual class member's claim, the aggregate volume of their claims – coupled with the economies of  scale inherent in litigating similar claims on a common basis – will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation, and no unusual difficulties are likely to be encountered in this class action's management in that all legal and factual questions are common to the  class.

65.    Class certification is appropriate under FRCP 23(B)(2) because Defendants have acted on grounds generally applicable to the class members, thereby making appropriate final relief with respect to the class as a whole.

**COUNT I**
**DECLARATORY JUDGMENT**

66.    Plaintiff repeats and alleges paragraphs 1-65 as thought fully set forth herein.

67.    Under the Cuyahoga County Charter, the County Defendants are to act consistently with the applicable law.

68.    The County Defendants acted outside the scope of their duties by agreeing to, assessing, and passing on to users of county services a "convenience fee" that was not authorized from January 1, 2011, through September 9, 2014, under the Ohio Revised Code, the Cuyahoga County ordinances, or Cuyahoga County Charter.

69.     As a result of the County Defendants' charging practices, Plaintiff, and the members of the putative class, have sustained damages by having to pay costs for services in excess of what the County Defendants were authorized to agree to and assess.

70.     Defendants have attempted to retroactively ratify their unauthorized assessment and collection of "convenience fees" through Chapter 718 of the Cuyahoga County ordinances.

71.     Ohio law generally prohibits retroactive legislation.

72.     The prohibition against retroactive legislation is applicable to substantive rather than remedial laws.

73.     Cuyahoga County Code Chapter 718 imposes on users of county services, such as Plaintiff, a retroactive obligation to pay a "convenience fee" for payments made via financial transaction devices.

74.     Prior to the passage of Cuyahoga County Code Chapter 718, Plaintiff and the putative class should not have been obligated to pay the "convenience fee" for payments they made via financial transaction devices.

75.     Plaintiff seeks a determination from the Court that the County Defendants acted in violation of the Ohio Revised Code, Cuyahoga County Charter, and Cuyahoga County Code from January 1, 2011, through September 9, 2014.

76.     Plaintiff seeks a determination from the Court that, by imposing and creating a new obligation on Plaintiff and the putative class, Cuyahoga County Code Chapter 718 cannot be applied retroactively.

77.     Consequently, Plaintiff, and the putative class, is entitled to declaratory relief, reimbursement for the "convenience fees" they paid from January 1, 2011, through September 9, 2014, and attorney fees on a class-wide basis for the County unlawful behavior.

14

## COUNT II
## DECLARATORY JUDGMENT

78.     Plaintiff repeats and alleges paragraphs 1-77 as thought fully set forth herein.

79.     Under the Cuyahoga County Charter, the County Defendants are to act consistently with the applicable law.

80.     The County Defendants acted outside the scope of their duties by entering into contracts with Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 whereby the County Defendants passed on the "convenience fees" for payments made via financial transaction devices to Plaintiff and the putative class.

81.     Pursuant to those unauthorized and illegal contracts, Plaintiff, and the putative class, was charged and paid an unauthorized, illegal "convenience fee."

82.     Plaintiff seeks a determination from the Court that the County Defendants' contracts with Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 are null and void due to their illegality.

83.     Consequently, Plaintiff, and the putative class, is entitled to declaratory relief, reimbursement for the "convenience fees" they paid between January 1, 2011, through September 9, 2014, and attorney fees on a class-wide basis for Defendants' unlawful contract.

## COUNT III
## CONVERSION

84.     Plaintiff repeats and alleges paragraphs 1-83 as thought fully set forth herein.

85.     Upon information and belief, Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 entered into agreements with the County Defendants with the purpose of providing the County Defendants the ability to

accept payments for county services via financial transaction devices and to pass on the charge for the "convenience fee" to Plaintiff and the putative class.

86.     The County Defendants did not have authority to pass on the "convenience fee" assessed for payments made via financial transaction devices to Plaintiff and the putative class.

87.     Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 have collected and retained the "convenience fee" users of county services have paid.

88.     Plaintiff, and the putative class, has a right to the "convenience fee" Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 illegally collected.

89.     Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 have improperly collected and withheld the "convenience fee" Plaintiff, and the putative class, has paid.

90.     Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 acted in reckless disregard in collecting and retaining the "convenience fee" Plaintiff, and the putative class, has paid.

91.     Plaintiff, and the putative class, has sustained damages as a direct and proximate result of Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 conversion of the "convenience fee" Plaintiff, and the putative class, has paid.

## COUNT IV
## VIOLATION OF 42 USC §1983

92.     Plaintiff repeats and alleges paragraphs 1-91 as thought fully set forth herein.

93.     The 14th Amendment of the United States Constitution protects an individual's right to life, liberty, and property.

94.     An individual's monetary funds is considered property under the 14th Amendment.

95.     Plaintiff, and the putative class, had a protected property interest in his own monetary funds.

96.     In agreeing to, assessing, and passing on the "convenience fee" to Plaintiff, and the putative class, the County Defendants were acting under the color of state law.

97.     The County Defendants' actions were arbitrary and capricious as they did not have authority to so act.

98.     Although Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 are private entities, by acting in concert with the County Defendants in performing an unauthorized, illegal, arbitrary, and capricious act, these Defendants are considered a state actor for purposes of the §1983 violation.

99.     Plaintiff's, and the putative class's, constitutional rights were violated as a result of Defendants' unauthorized, illegal, arbitrary, and capricious actions in agreeing to, assessing, and passing on the convenience fee to Plaintiff and the putative class for the period of two years prior to the filing of this case through September 9, 2014.

100.    Plaintiff, and the putative class, has sustained damages as a direct and proximate result of Defendants' depriving Plaintiff, and the putative class, of his constitutional rights under 42 USC §1983.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants accordingly:

1.  For a determination from the Court that the County Defendants acted in violation of the Ohio Revised Code, Cuyahoga County Charter, and Cuyahoga County ordinances;

2.  For a determination from the Court that Cuyahoga County Code 718 cannot be applied retroactively;

3.  For a determination from the Court that the County Defendants' contracts with Defendants Point and Pay, Banc of America Merchant Services, Official Payments Corporation, and James Doe Vendors 1-6 did not comply with the Ohio Revised Code, Cuyahoga County Charter, Cuyahoga County Code, and is, therefore, illegal;

4.  For this Court to determine that this action may be maintained as a class action under FRCP 23(B)(2) and (3) and to certify Plaintiff's proposed classes;

5.  For the Court to find that Defendants deprived Plaintiff, and the class, of his constitutional rights;

6. For an Order reimbursing Plaintiff for his attorney's fees and costs;

7.  For damages in an amount to be determined at trial, and;

8.  For all such further legal and equitable relief to which Plaintiff may be shown to be entitled to at trial.

Respectfully submitted,

/s/ David L. Harvey III
DAVID L. HARVEY III (0080918)
MATTHEW B. ABENS (0075308)
JASON T. HARTZELL (0092458)
Harvey Abens Iosue Co. LPA
3404 Lorain Avenue
Cleveland, Ohio 44113
Phone: (216) 651-0256
Fax: (216) 651-0233
Dvdharv@harvlaw.com
Mbabens@harvlaw.com
Jhartzell@harvlaw.com